Not for Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
IN RE:                              )    CASE NO.        05-33783 (LMW)
                                    )
  LESLEY ANNE OXLEY,                )    CHAPTER         7
                                    )
        DEBTOR.                     )    DOC. I.D. NO.   11
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES

Barbara H. Katz, Esq.                    Chapter 7 Trustee
57 Trumbull Street
New Haven, CT 06510

Russell G. Small, Esq.                   Attorney for the Debtor
135 Elm Street
Bridgeport, CT 06604

**BRIEF MEMORANDUM AND ORDER CONDITIONALLY
OVERRULING TRUSTEE'S OBJECTION TO AMENDED SCHEDULE C**

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** the matter before the court is the chapter 7 trustee's (the "Trustee") objection (Doc. I.D. No. 11, the "Objection") to the above-referenced debtor's (the "Debtor") amended exemption (as described below, the "Exemption") with respect to the SBLIC Annuity (as defined below);

**WHEREAS,** the matter came on for an evidentiary hearing (the "Hearing") on May 18, 2006. The parties placed certain documentary exhibits in the record. A transcript (the "Transcript") of the Hearing also is in the record;

**WHEREAS** the court finds the following facts:

1.   On or about March 14, 2005, the Debtor purchased an annuity (the "SBLIC Annuity") from Savings Bank Life Insurance Company ("SBLIC") with an initial deposit of $18,000.00. (*See* Trustee's Exh. B.) The Debtor had received those funds in her divorce. (Transcript at 41.) The Debtor had purchased the SBLIC Annuity with the intention of making some provision for her retirement. (Transcript at 42.) However, the Debtor made the following prepetition withdrawals to pay for living expenses: on or about April 11, 2005 - $3,000.00; June 7, 2005 - $4,300.00[1]; July 1, 2005 - $5,500.00.[2] (*See* Trustee's Exh. B.)

2.   Some time later in March, 2005, the Debtor first contacted an attorney about commencing a bankruptcy case. (Transcript at 38.)

3.   To assist her attorney in preparing her bankruptcy schedules, on or about March 21, 2005 the Debtor obtained her credit report (the "Credit Report") from the internet and provided a copy to her attorney. (Transcript at 38.) A copy of the Credit Report is in the record as the Debtor's Exhibit 1.

4.   On or about July 28, 2005, the Debtor filed her chapter 7 petition and her original bankruptcy schedules (the "Original Schedules") (a copy of which is in the record as the Trustee's Exhibit A). Creditors were notified that the meeting (the "Meeting") of creditors required by Bankruptcy Code § 341 was scheduled for September 8, 2005[3] and that they should not file proofs of claim until notified to do so. (*See* Trustee's Exh. G (Docket).)

---

[1]   There was a related $18.00 charge.

[2]   There was a related $18.00 charge.

[3]   The Meeting was continued to September 22, 2005.

5. Included in the Original Schedules was "Schedule B - Personal Property." On Schedule B the Debtor listed the "SBLI Annuity" with a current market value of $18,000.00 (the original purchase price of the SBLIC Annuity rather than its lower cash surrender value as of the petition date). (*See* Trustee's Exh. A (Schedule B, item 10).)

6. Also included in the Original schedules was "Schedule C - Property Claimed as Exempt." On Schedule C, the Debtor claimed various exemptions under Bankruptcy Code § 522(d) but did not claim an exemption with respect to the SBLIC Annuity. (*See* Trustee's Exh. A (Schedule C).)

7. Also included in the Original Schedules was "Schedule F - Creditors Holding Unsecured Nonpriority Claims." On Schedule F, the Debtor listed four claims totaling $22,345.00 (*See id.* (Schedule F).) As compared to the Credit Report, that amount was understated by $37,979.00 because Schedule F inadvertently picked up from the Credit Report the "Amount Past Due" amount rather than the "Account Balance" amount for Chase Manhattan and UNVL Bank NA. (*Compare* Schedule F *with* Credit Report (Debtor's Exh. 1).)

8. As of the petition date, the Debtor was earning $1,040.00 per month as a waitress; her monthly expenses were $1,181.00. (*See* Transcript at 24-25; Trustee's Exh. A (Schedule I - Current Income of Individual Debtor(s) and Schedule J - Current Expenditure of Individual Debtor(s)).)

9. On or about August 22, 2005, in order to pay living expenses the Debtor surrendered (*i.e.*, cashed out) the SBLIC Annuity in exchange for a payment of $5,164.00. (*See* Trustee's Exh. B; Transcript at 22-23, 26.) The Debtor testified at the Hearing that she believed that the SBLIC

Annuity was "protected" by her bankruptcy (even though the annuity was not listed on Exhibit C) and that she was entitled to cash it out as she did. (Transcript at 21-22, 37, 40.)

10.     The Meeting was convened on September 22, 2005. At that time the Trustee examined the Debtor under oath. The Trustee asked the Debtor about the SBLIC Annuity and requested documentation relating to it. The Debtor did not advise the Trustee that the SBLIC Annuity was worth only about $5,164.00 as of the petition date and that the Debtor had cashed out the annuity the previous month. (Transcript at 7.) The Debtor testified at the Hearing that such omissions by her were not "deliberat[e]" (Transcript at 7) (*i.e.,* the Debtor believed that the SBLIC Annuity was "protected" by her bankruptcy (Transcript at 21-22)). In response to the Trustee's request for documentation, the Debtor (through counsel) provided to the Trustee only a copy of the original annuity contract (*see* Trustee's Exh. C); the Debtor did not provide the Trustee with a copy of the "cash-out" documentation. (Transcript at 27.) The Debtor testified at the Hearing that she believed that the documentation which the Trustee had requested was limited to a copy of the original annuity contract. (*Id.*)

11.     By letter dated December 12, 2005, the Trustee requested SBLIC to liquidate the SBLIC Annuity. (*See* Trustee's Exh. B.) In light of an apparent $18,000.00 asset[4] available for distribution to an unsecured creditor base of about $22,345.00, on December 12, 2005 the Trustee filed a report of assets and a request for the Clerk's Office to set a bar date for filing proofs of claim. (*See* Trustee's Exh. G (docket).) The next day the Clerk's Office issued a "Notice of Need To File Proof of Claim Due to Recovery of Assets" (the "Creditor Notice"). (Trustee's Exh. D.) That notice

---

[4] If the SBLIC Annuity had had a value of $18,000.00 and if the Debtor had attempted to exempt that amount, only about half would have been exemptible.

was served on creditors and parties in interest on December 15, 2005. (*See* Doc. I.D. No. 8.) Two creditors filed timely proofs of claim in the aggregate amount of $50,921.86. (*See* Trustee's Exh. F.)

12. By letter dated January 4, 2006, SBLIC advised the Trustee that the SBLIC Annuity had been "surrendered in full" (*i.e.,* cashed out). (Trustee's Exh. B.)

13. On January 18, 2006, the Debtor filed amended Schedules B and C. (*See* Trustee's Exhs. E, G.) Amended Schedule B reduced the stated value of the SBLIC Annuity on the petition date to $5,164.00. (*See* Trustee's Exh. E.) Amended Schedule C claimed an exemption of the full amended stated value (*i.e.*, $5,164.00) of the SBLIC Annuity pursuant to Bankruptcy Code § 522(d)(5). (*See id.*)

14. The Trustee filed the Objection on January 20, 2006;

**WHEREAS,**

> [u]nder [Bankruptcy] Rule 1009(a) . . . [a] debtor does not need court permission to amend any of his schedules so long as the case is still open. The right to amend, of course, is not the same as the right to the exemption. The general rule is to allow amended exemption claims absent bad faith, concealment of property, or prejudice to creditors."

*In re Fournier,* 169 B.R. 282, 283 (Bankr. D. Conn. 1994) (Krechevsky, J.) (citations and internal quotation marks omitted). Delay in filing the amended exemption, standing alone, does not constitute prejudice. *In re Melber*, 315 B.R. 181, 190 (Bankr. D. Mass. 2004). Moreover, "[t]he mere possibility that the amendment will diminish the estate does not constitute sufficient prejudice to warrant denying the exemption." *In re Anzalone*, 318 B.R. 127, 129 (Bankr. C.D. Ill, 2004);

**WHEREAS,** "[i]t is not entirely clear whether [concealment,] bad faith or prejudice must be shown by a 'preponderance of the evidence' or 'clear and convincing' evidence." *Arnold v. Gill*

*(In re Arnold)*, 252 B.R. 778, 784 ( BAP 9th Cir. 2000). Because the standard of proof makes no difference to the result here, the court assumes that the Trustee must prove concealment, bad faith or prejudice by a preponderance of the evidence;

**WHEREAS,** if allowed, an amended exemption is in a sense retroactive because exemptions generally are determined on the facts as they existed as of the commencement of the case. *Cf. In re Reed,* 331 B.R. 44 (Bankr. D. Conn. 2005) (Krechevsky, J.) (postpetition sale of homestead property irrelevant to validity of homestead exemption);

**WHEREAS,** the court credits the Debtor's testimony at the Hearing and is not persuaded that the Debtor intended to conceal her liquidation of the SBLIC Annuity from the Trustee or that the Debtor otherwise is guilty of bad faith with respect to the Exemption. The Debtor disclosed the existence of the SBLIC Annuity on the Original Schedules. She had nothing to gain by her overstatement of its value. The Debtor's understatement of general unsecured claims against her appears to have been a scrivener's error. Moreover, the Debtor had nothing to gain by that understatement. The Trustee concedes that if the Debtor had claimed the Exemption at the commencement of the case, the Trustee would not have objected to it. (Transcript at 44-45 (remarks of the Trustee).) The Debtor's failure to disclose her liquidation of the SBLIC Annuity to the Trustee or to supply the Trustee with documentation of the same was the result of honest misunderstandings on the Debtor's part. She is not a financially sophisticated woman. (*See* Transcript at 43-44.). The Debtor's cash-out of the SBLIC Annuity postpetition prior to its effective exemption clearly was improper. However, given all the facts and circumstances here (including that the Debtor did not believe that she was doing anything improper at the time and that the value of the

SBLIC Annuity admittedly was exemptible), the court is not persuaded that the Debtor's postpetition cash-out of the SBLIC Annuity constituted bad faith either standing alone or with other facts;

**WHEREAS,** the Trustee argues that there was "prejudice to creditors" because in reliance upon the facts as she knew them she commenced administration of the estate, that the resulting Creditor's Notice caused the Debtor's creditors to form an expectation of some payment from this estate, and that such expectation now will be thwarted.  (If the Objection is overruled, this case appears to be a "no asset" case and there will be no distribution to the Debtor's creditors.)  A similar argument was  was rejected by the court in *Fournier*.  *See Fournier*, 169 B.R. at 283 ("[T]he court declines to adopt the standard proposed by the trustee that debtors be allowed their amended exemptions only up to the date after which a trustee takes action [in reliance on the nonexistence of such exemptions].").  This court concurs.  The court notes that the Trustee has not alleged or proved any economic damage to the estate caused by her reliance on the non-existence of the Exemption. *Cf. Arnold*, 252 B.R. at 778, 787 ("Prejudice to creditors is clearly present where they suffer an actual *economic loss* due to a debtor's delay in claiming his exemption." (emphasis added); *Fournier, supra* (amendment allowed provided that the trustee's litigation expenses were reimbursed).[5]  Based upon the foregoing and "balanc[ing] the equities between the parties in this case," *Cassani v. Glinka (In re Cassani),* 214 B.R. 459, 463 (D. Vt. 1997), this court concludes that the Objection should be overruled and the Exemption should be allowed as conditioned below;[6]

---

[5]   *Arnold* miscites *Fournier* for the opposite rule that mere disappointment of creditor expectations is sufficient to constitute prejudice.  *See Arnold* at 787.

[6]   The Trustee argues that *Petit v. Fessenden,* 80 F.3d 29 (1st Cir. 1996), supports her position.  However, *Petit* is inapposite here.  *Petit* dealt with a debtor's delay in filing her *original* schedules.  This case deals with the filing of *amended* schedules.  While (as discussed above) there is no time limit in the Bankruptcy Rules for the filing of amended schedules, the Bankruptcy Rules

**WHEREAS,** the court find that the Trustee here was prejudiced by the actions of the Debtor. Relying on the Original Schedules, the Trustee proceeded to administer the SBLIC Annuity. She contacted SBLIC to liquidate the asset and sought the imposition of a proof of claim bar date from the court. Although the Debtor testified at the Meeting and provided a copy of the annuity contract, at no time did she inform the Trustee that the SBLIC Annuity was fully surrendered or was worth substantially less on the date of filing as was stated in the Original Schedules. That information was conveyed to the Trustee by SBLIC by a letter dated January 4, 2006, after a proof of claim bar date was set. Consequently, the Trustee incurred unnecessary fees and costs due to the Debtor's delay in claiming the Exemption. *Cf. Melber*, 315 B.R. at 191-92; *Fournier*, 169 B.R. at 284.

**NOW, THEREFORE,** for the reasons set forth above, it hereby is **ORDERED** that the Trustee shall be awarded reasonable fees and costs;[7] and it is further

**ORDERED** that the entry of an order overruling the Objection and allowing the Exemption shall be conditioned upon payment by the Debtor of the Trustee's reasonable fees and costs.

Dated: September 27, 2006                          BY THE COURT

                                                      Lorraine Murphy Weil
                                                      United States Bankruptcy Judge

---

do set a deadline for filing original schedules *(see Petit, supra)*.

      [7] The Trustee shall file and serve on the Debtor's attorney an itemized application for fees and costs on or before October 9, 2006. Objections to such application, if any, must be filed on or before October 19, 2006.